UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:  DELMAR SHARP,

                                                                                                             Case No. 06-13151

        Debtor.                                                                                            HON. AVERN COHN
_____/

**<u>MEMORANDUM AND ORDER DISMISSING APPEAL AS MOOT</u>**[1]

I.

This is a bankruptcy case.  Debtor-Appellant Delmar Sharp (Sharp) appeals from an interlocutory order of the Bankruptcy Court denying Sharp's motion to modify a case management order.  For the reasons that follow, the appeal is DISMISSED as MOOT.

II.

On June 5, 2006, Sharp filed a petition seeking relief under Chapter 13 of the Bankruptcy Code.  On June 20, 2006, Sharp timely filed his Chapter 13 Plan.  On June 9, 2006, the Bankruptcy Court entered a Chapter 13 Case Management Order (Case Management Order).  Paragraph 3 of the Case Management Order provides:

> **If the Debtor does not file a fully completed Debtor's Chapter 13 Confirmation Hearing Statement as required, the Court will assume that the debtor has decided to dismiss the case and will enter an order of dismissal *on the Monday before the scheduled confirmation hearing, and the hearing will be cancelled.***

(Emphasis in original).

---

[1]The Court originally scheduled this matter for hearing.  Upon review of the parties' papers, however, the Court finds that oral argument is not necessary.  <u>See</u> E.D. Mich. LR 7.1(e)(2).

On June 19, 2006, Sharp filed a motion to modify the Case Management Order to delete paragraph 3. The Bankruptcy Court denied the motion in an order filed June 30, 2006. Sharp filed a notice of appeal. The Court treated the notice as a request for interlocutory relief and granted leave to appeal. See Order Granting Leave to Appeal, filed October 4, 2006.

Meanwhile, Sharp filed a Confirmation Hearing Statement on August 25, 2006 as required by the Case Management Order. A confirmation hearing took place on August 30, 2006. The Bankruptcy Court entered an order confirming the Chapter 13 Plan on October 13, 2006.

On November 29, 2006, Sharp filed his brief on appeal. On December 29, 2006, the Trustee filed a response. No reply has been filed.

III.

Sharp argues that the Bankruptcy Court's Case Management Order violates the Bankruptcy Code because a case cannot be dismissed without notice and a hearing simply because a hearing statement is not properly or timely filed. In other words, Sharp argues that the Bankruptcy Court's case management practice as expressed in the Case Management Order exceeds its authority. Sharp asks that the Court reverse the Bankruptcy Court's order denying his motion to modify and also direct the Bankruptcy Court delete paragraph 3 from "this, and all other, cases."

Putting aside the propriety of the Bankruptcy Court's practice,[2] and whether the

---

[2] It is not clear whether the Case Management Order is personal to the Bankruptcy Judge or reflects the general practice of the Bankruptcy Court for the Eastern District. In any event, the practice of dismissing a case without particular notice in the circumstances set forth in the Case Management Order relies on an assumption

2

appeal presents an issue appropriate for review by a district court, there is a question of mootness.  " '[A] case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.' "  Ford v. Wilder, 469 F.3d 500, 504 (6th Cir. 2006) (quoting Powell v. McCormack, 395 U.S. 486, 496 (1969)).  "The test for mootness is whether the relief sought would, if granted, make a difference to the legal interests of the parties."  McPherson v. Mich. High Sch. Athletic Ass'n, Inc., 119 F.3d 453, 458 (6th Cir. 1997) (en banc) (internal quotation marks omitted); see also Spencer v. Kemna, 523 U.S. 1, 7 (1998) ("[T]hroughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." ) (emphasis added) (internal quotation marks omitted). A court has "no authority to render a decision upon moot questions or to declare rules of law that cannot affect the matter at issue" and therefore do not have jurisdiction if an appeal is moot.  Cleveland Branch, N.A.A. C.P. v. City of Parma, 263 F.3d 513, 530 (6th Cir. 2001).

      Here, Sharp complied with the Case Management Order and his Chapter 13 Plan was confirmed during the pendency of this appeal.  A reversal of the Bankruptcy Court's order denying his motion to modify would provide no benefit to Sharp.  There is no possibility that the Bankruptcy Court will dismiss his case for failure to file the Confirmation Hearing Statement and Sharp has obtained all the relief sought in his petition.  While Sharp details a litany of alleged harms that could have befallen him if his

---

which may be inappropriate and unjustified.  See Tingler v. Marshall, 716 F.2d 1109 (6th Cir. 1983) (discussing sua sponte dismissals on the merits); Harmon v. CSX Transp., 110 F.3d 364, 366-67 (6th Cir. 1997) (discussing dismissal under Rule 37 for abuse of discovery process).

3

Chapter 13 petition was dismissed pursuant to paragraph 3, no such harms occurred. Thus, there is no injury to be redressed and the appeal is moot.

Moreover, to the extent that Sharp seeks reversal to alter the Bankruptcy Court's practice for other, future cases, he lacks standing to do so. It is well-established that a party "generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." Valley Forge Christian College v. Americans United for Separation of Church and State, 464 U.S. 464 (1982).

SO ORDERED.

                                                s/Avern Cohn
                                                AVERN COHN
Dated: January 9, 2007                   UNITED STATES DISTRICT JUDGE
      Detroit, Michigan